## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ALFRED BROOKS,

　　Plaintiff - Appellant,

v.

MARIA ROBINSON; SHIRLEY MAY;
JIMMY MARTIN,

　　Defendants - Appellees.

No. 22-6057
(D.C. No. 5:18-CV-01014-G)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT*

_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.

_____

Alfred Brooks, pro se,[1] appeals the district court's grant of summary judgment

to defendants on his 42 U.S.C. § 1983 claims against Oklahoma prison officials due

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Brooks proceeds pro se, we construe his arguments liberally, but we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

to his failure to exhaust available administrative remedies prior to bringing suit.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Brooks is an inmate incarcerated at North Fork Correctional Center (NFCC) in Sayre, Oklahoma. Ms. Robinson is a certified medication aide at NFCC, Ms. May is the Correctional Health Services Administrator at NFCC, and Mr. Martin is the warden at NFCC. Mr. Brooks alleged Ms. Robinson, Ms. May, and Mr. Martin violated his Eighth and Fourteenth Amendment rights when, on March 17, 2017, Ms. Robinson gave him the wrong eye medication. He alleged this caused damage to his eye, extreme pain, and loss of vision. He further alleged Ms. Robinson acted intentionally in retaliation for his refusal to identify another inmate who made disparaging remarks about her. He alleged Ms. May refused to purchase the correct medication or to implement stop orders that would have prevented the prison from dispensing the wrong medication to him. He alleged Mr. Martin failed to appropriately hire and supervise NFCC staff.

Before bringing suit, Mr. Brooks pursued grievances consistent with Oklahoma Department of Corrections policy OP-090124 (2016).[2] Under that policy, an inmate must first pursue informal resolution before submitting a grievance. OP-090124 § IV. If an oral request to staff does not resolve an inmate's issue, the inmate must submit a written request to staff (RTS). *Id.* § IV(B),(C). If this does not

---

[2] We cite the 2016 version of OP-090124 because that was the version in effect when Mr. Brooks submitted his grievances.

resolve the issue, the inmate may submit a written grievance "to the appropriate reviewing authority." *Id.* § V(A). Finally, an inmate may appeal an adverse decision on a formal written grievance to the "Administrative Review Authority" (ARA). *Id.* § VII(B).

Mr. Brooks submitted an RTS to Ms. May on April 23, 2017. On June 22, he filed grievance 17-28, stating he had not received an answer to his RTS. NFCC Medical Services Manager Buddy Honaker responded to Mr. Brooks on July 26, stating he was extending the time to consider the grievance. On August 25, Mr. Honaker notified Mr. Brooks by letter he was returning the grievance unanswered because Mr. Brooks should have submitted it to Ms. May as the proper reviewing authority. Mr. Brooks appealed this disposition, but the ARA returned the appeal unanswered. The ARA advised Mr. Brooks he "may correct the errors within 10 days of receipt of the notice," and that failure to do so would result in the return of the grievance unanswered and the forfeiture of the opportunity to participate in the grievance process. R. vol. 1 at 132 (underline omitted). Mr. Brooks did not resubmit grievance 17-28.

Instead, Mr. Brooks filed a separate grievance, 17-53,[3] on October 13. In grievance 17-53, Mr. Brooks acknowledged Ms. May had answered the April 23 RTS he filed, but he did not agree with her disposition. The "reviewing authority," who in

---

[3] As the district court noted, this grievance was, at times in the record, referred to as grievance 17-55, but there is no indication that any potential misnumbering affected the grievance's disposition.

this case was also Ms. May, responded to the grievance on November 2, but NFCC did not deliver the response to Mr. Brooks until December 21. The response included statements headed "Partial Relief" and "Partial Denial." R. vol. 1 at 136. In the "Partial Relief" section, the decision stated the medication Mr. Brooks requested had been ordered but was awaiting approval from the NFCC health care provider. *Id.* In the "Partial Denial" section, the decision stated the grievance improperly included "[m]ore than one issue or incident." *Id.* Mr. Brooks appealed to the ARA, which notified him it was returning his grievance to the reviewing authority "for further investigation and an amended response." *Id.* at 139. The reviewing authority— Ms. May—issued an amended response, again granted only partial relief, and stated he "may appeal to the [ARA]." *Id.* at 141. Mr. Brooks did not appeal or further pursue grievance 17-53.

Mr. Brooks sued Ms. Robinson, Ms. May, and Mr. Martin under 42 U.S.C. § 1983. The defendants filed motions to dismiss, arguing Mr. Brooks failed to exhaust his administrative remedies. Adopting the recommendations of a magistrate judge, the district court converted the motions to dismiss into motions for summary judgment and granted them. This appeal followed.

## DISCUSSION

We review the grant of summary judgment de novo. *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Similarly, "[w]e

4

review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under [§ 1983] . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The doctrine of administrative exhaustion "provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006) (internal quotation marks omitted). Exhaustion is mandatory and applicable "even where the relief sought—monetary damages—cannot be granted by the administrative process." *Id.* at 85. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).

Mr. Brooks presents four arguments on appeal. He asserts (1) prison officials hindered him from exhausting his administrative remedies, (2) he was not required to further appeal the partial denial of grievance 17-53 after the ARA remanded it to the reviewing authority, (3) he did, in fact, exhaust his administrative remedies, and (4) the district court should have required the defendants to "prove the existence of a remedy," Aplt. Opening Br. at 13 (typeface normalized), still available to him in the grievance process. We consider these arguments in turn.

5

Regarding the first argument, although we have held that "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust," *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010), Mr. Brooks did not show such hinderance occurred here. As the magistrate judge observed, despite a number of unexplained deficiencies in NFCC's initial handling of Mr. Brooks's grievances, there nevertheless came a time where Mr. Brooks declined to appeal the partial denial of his grievance, and therefore failed to exhaust his remedies:

> [T]he handling of Plaintiff's attempts to exhaust certainly leaves room for improvement on the part of Defendants and/or NFCC administrators. For example, it is unclear why Mr. Honaker required an additional month to investigate Plaintiff's initial grievance, only to return it unanswered because Plaintiff submitted it to the wrong individual. Additionally . . . Defendant Robinson has offered no explanation as to why Plaintiff did not receive Defendant May's November 2, 2017 response to Plaintiff's grievance until December 21, 2017. Defendant Robinson does not address the undersigned's previous remarks on NFCC's failure to efficiently address Plaintiff's administrative procedure efforts. Instead, she attempts to gloss over the mismanagement of the same. Nevertheless, the fact remains that based on the record presented, Plaintiff never appealed, and thereby failed to exhaust, the denial of [grievance 17-53].

R. vol. 1 at 303 (citations omitted).

Regarding Mr. Brooks's second, third, and fourth arguments, the partial resolution of his grievance at an intermediate stage did not relieve him of the obligation to complete the administrative process. *See Jernigan*, 304 F.3d at 1032

6

("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies."). This is so even if the relief Mr. Brooks sought was unavailable through the grievance process. *Woodford*, 548 U.S. at 85. Mr. Brooks had an available remedy—§ VII(C)(4) of OP-090124 expressly contemplated appeal to the ARA of a reviewing authority's amended response—but he did not pursue it. So, the district court correctly concluded Mr. Brooks did not exhaust his administrative remedies and dismissed his claims under 42 U.S.C. § 1997e(a).

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Nancy L. Moritz
Circuit Judge